**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
James E. Cecchi
Kevin Cooper
5 Becker Farm Road
Roseland, NJ 07068
Tel.: (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com
kcooper@carellabyrne.com

*Proposed Liaison Counsel for the*
*Class*

[*Additional counsel on signature page*]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER ARBOUR, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TINGO GROUP, INC., DOZY MMOBUOSI, DARREN MERCER, and KEVIN CHEN, <br><br> Defendants. | Case No. 2:23-cv-03151-ES-MAH <br><br> Hon. Esther Salas <br><br> <u>CLASS ACTION</u> <br><br> **MOTION DAY:** September 5, 2023 <br> ORAL ARGUMENT REQUESTED |

(*caption continued on next page*)

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF
PAVEL KRYKHTIN AND PERDEEP KANDA FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF
<u>COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTIONS</u>**

|  |  |
|---|---|
| MARK J. BLOEDORN, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>       v.<br><br>TINGO GROUP INC., DARREN MERCER, HAO (KEVIN) CHEN, and DOZY MMOBUOSI,<br><br>                     Defendants. | Case No. 2:23-cv-03153-ES-MAH<br><br>Hon. Esther Salas<br><br><u>CLASS ACTION</u> |

## TABLE OF CONTENTS

**Page(s)**

I.    PRELIMINARY STATEMENT ................................................................1

II.   ARGUMENT.........................................................................................3

    A.    Krykhtin and Kanda's Motion Should Be Granted...............................3

        1.    Krykhtin and Kanda Have the Largest Financial Interest in the Relief Sought in this Case ........................4

        2.    Krykhtin and Kanda Are an Ideal Lead Plaintiff and Clearly Satisfy Rule 23's Requirements...................6

    B.    The Competing Motion Should Be Denied...........................................7

III.  CONCLUSION....................................................................................8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Vitamin Shoppe, Inc.*,
   No. 17-cv-6454, 2018 WL 1960444 (D.N.J. Apr. 25, 2018) .............................5, 6

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .................................................................... *passim*

*Kanefsky v. Honeywell Int'l Inc.*,
   No. 2:18-cv-15536 (WJM), 2019 WL 936662 (D.N.J. Feb. 26, 2019)..............4, 5

*Pope v. Navient Corp.*,
   No. 17-cv-8373-RBK-AMD, 2018 WL 672640 (D.N.J. Feb. 2, 2018) ........ 4, 5, 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................... 3, 4, 7

Pavel Krykhtin and Perdeep Kanda ("Krykhtin and Kanda") respectfully submit this memorandum of law in further support of their motion for appointment as Lead Plaintiff (ECF No. 7), and in opposition to the only competing motion.[1]

## I.   <u>PRELIMINARY STATEMENT</u>

Of the two remaining movants before the Court,[2] Krykhtin and Kanda have the largest financial interest in the litigation of any movant seeking appointment as Lead Plaintiff and are the presumptive "most adequate plaintiff" pursuant to the PSLRA.  Krykhtin and Kanda incurred a total loss on their Class Period purchases of Tingo securities in excess of $1.1 million—a loss more than twice that claimed by the remaining competing movant, as reflected below.

---

[1] Unless otherwise noted, all capitalized but undefined terms have the meanings ascribed in Krykhtin and Kanda's opening brief (ECF No. 7-1), all emphasis is added, and internal quotations and citations are omitted.

[2] In addition to Krykhtin and Kanda, competing motions were filed by Shunsei Tazaki ("Tazaki") (ECF No. 3), Alex Simon ("Simon") (ECF No. 6), Dang J. Nguyen ("Nguyen") (ECF No. 4), Mohammad Ashraful Hannan and Eli Lowry ("Hannan & Lowry") (ECF No. 8), and Gregory L. Thorpe ("Thorpe") (ECF No. 5). On August 22, 2023, Hannan & Lowry, Nguyen, and Simon filed notices of non-opposition and Thorpe withdrew his motion.  ECF Nos. 11, 12, 14, 15.



Krykhtin and Kanda have established that they also satisfy Rule 23's typicality and adequacy requirements and will provide effective and vigorous representation to absent Class members. Krykhtin and Kanda have submitted a Joint Declaration discussing their backgrounds, attesting to their understanding of the lead plaintiff's role under the PSLRA, and detailing their strategy for overseeing the litigation. ECF No. 7-7. Moreover, Krykhtin and Kanda have chosen counsel with substantial experience successfully leading securities class actions in this District and throughout the country. The remaining competing movant, Tazaki, has a significantly smaller financial interest than that of Krykhtin and Kanda under any metric. Accordingly, Krykhtin and Kanda should be appointed Lead Plaintiff, and the competing motion should be denied.

2

## II.   ARGUMENT

### A.   Krykhtin and Kanda's Motion Should Be Granted

Appointment of Krykhtin and Kanda as Lead Plaintiff comports with the PSLRA's express provisions and Third Circuit precedent.  The PSLRA provides that courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."   15 U.S.C. § 78u-4(a)(3)(B)(i).   In determining which movant is the most adequate plaintiff, the PSLRA instructs that "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and . . . otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In *In re Cendant Corp. Litig.*, the Third Circuit articulated the analysis district courts are to undertake in selecting the "presumptively most adequate plaintiff." 264 F.3d 201, 262 (3d Cir. 2001).  "The process begins with the identification of the movant with the largest financial interest in the relief sought by the class." *Id.*  After determining which movant has the largest loss, the Court "must ensure that a movant satisfies both the typicality and adequacy requirements of Rule 23 before conferring upon that movant the status of presumptive lead plaintiff." *Id.* at 263.  If the movant

3

with the largest loss also satisfies Rule 23's requirements, that movant is the presumptive lead plaintiff. *See id.* The statutory presumption in favor of the plaintiff with the largest financial interest may be rebutted "only upon ***proof***" (not speculation) "that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof can be offered against Krykhtin and Kanda.

### 1. Krykhtin and Kanda Have the Largest Financial Interest in the Relief Sought in this Case

Pursuant to the PSLRA, the only basis for comparing movants for lead plaintiff appointment is their respective financial interests in the litigation. *See Pope v. Navient Corp.*, No. 17-cv-8373-RBK-AMD, 2018 WL 672640, at *3 (D.N.J. Feb. 2, 2018) (determining first which lead plaintiff movant claimed the largest loss). Krykhtin and Kanda have the largest financial interest in the relief sought by the Class by a wide margin.

Courts in the Third Circuit consider three factors in determining the "largest financial interest": (1) the number of shares that the movants purchased during the putative class period; (2) the total net funds expended by the plaintiff during the class period; and (3) the approximate losses suffered by the plaintiff. *See Kanefsky v. Honeywell Int'l Inc.*, No. 2:18-cv-15536 (WJM), 2019 WL 936662, at *1 (D.N.J. Feb. 26, 2019) (reciting these factors and noting that "[t]he third factor, the

4

approximate losses suffered, is considered the most significant"). As set forth in the chart below, Krykhtin and Kanda have a substantially greater financial interest than the only competing movant under all three factors. *See Pope*, 2018 WL 672640, at *5 (appointing a pair of investors that had a larger financial interest under each of the factors, including a "much larger" claimed loss); *Aguilar v. Vitamin Shoppe, Inc.*, No. 17-cv-6454, 2018 WL 1960444, at *6 (D.N.J. Apr. 25, 2018) (appointing lead plaintiff movant group that "clearly ha[s] the larger financial interest").

| MOVANT | TOTAL SHARES PURCHASED | NET FUNDS EXPENDED | CLAIMED LOSS |
|---|---|---|---|
| Krykhtin & Kanda | 1,632,463 | $2,521,385 | $1,179,931 |
| Krykhtin | 1,302,846 | $1,700,920 | $787,135 |
| Kanda | 329,617 | $820,465 | $392,796 |
| Tazaki | 170,015 | $750,826 | $514,912 |

*See* ECF Nos. 7-5; 3-4; 6-5; and 5-6.

Here, under "the most significant" factor, *Honeywell*, 2019 WL 936662, at *1, Krykhtin and Kanda's combined loss of more than $1.1 million is more than double the size of the loss of the only competing movant, Tazaki. Moreover, Krykhtin's individual LIFO loss of approximately $787,135 alone exceeds the loss claimed by Tazaki by more than $270,000. *See Aguilar*, 2018 WL 1960444, at *6 (appointing lead plaintiff group where one of its members "standing alone" had a larger loss

than any other movant).  In addition, Krykhtin and Kanda (and Krykthin alone) purchased more total shares and expended greater net funds than Tazaki.

Accordingly, under any relevant calculation, Krykhtin and Kanda have "the largest financial interest in the relief sought by the class," and must be appointed Lead Plaintiff as they "otherwise satisf[y] the requirements of Rule 23." *Cendant*, 264 F.3d at 263.

### 2. Krykhtin and Kanda Are an Ideal Lead Plaintiff and Clearly Satisfy Rule 23's Requirements

Krykhtin and Kanda demonstrate their adequacy because they have "the ability and incentive to represent the claims of the class vigorously," and there is no "conflict between [Krykhtin and Kanda's] claims and those asserted on behalf of the class." *Cendant*, 264 F.3d at 265 (discussing the adequacy requirement); *see also Aguilar*, 2018 WL 1960444, at *9 (finding investor group adequate where "[t]here are no known conflicts between the [group] and the members of the class, and the lead plaintiffs appear to have a sufficient interest in the outcome of the case to ensure vigorous advocacy"); ECF No. 7-1 at 16-17.  As set forth in their Joint Declaration, Krykhtin and Kanda's interests are clearly aligned with other members of the Class, there is no evidence of any conflicts, and Krykhtin and Kanda will vigorously prosecute this litigation through their chosen counsel, Saxena White (proposed Lead Counsel) and Carella Byrne (proposed Liaison Counsel).  ECF No. 7-7.

Krykhtin and Kanda's submissions also establish that their claims are typical of those of other Class members. Like other Class members, they suffered financial harm as a result of Defendants' public dissemination of false and misleading statements in violation of the Exchange Act—the same course of conduct that harmed the rest of the Class—and, like other Class members, they seek to recover their monetary losses. *See Pope*, 2018 WL 672640, at *4 (discussing the typicality requirement).

Krykhtin and Kanda have made the requisite preliminary showing that they satisfy Rule 23 and are ideally suited to serve as Lead Plaintiff, and accordingly are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Navient*, 2018 WL 672640, at *5 (finding group with "the largest financial interest" that "satisfied the Rule 23 requirements" was presumptively "the most adequate plaintiff"). The only competing movant cannot offer proof of inadequacy or atypicality to rebut this presumption because no such proof exists. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Krykhtin and Kanda's motion for appointment as Lead Plaintiff should be granted.

## B.    The Competing Motion Should Be Denied

Because Krykhtin and Kanda are the presumptive Lead Plaintiff and meet all the statutory requirements for appointment, the Court need not consider the competing motion. *See Cendant*, 264 F.3d at 268 ("If no class member succeeds in

rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff"). The only remaining competing movant claims a significantly smaller financial interest than Krykhtin and Kanda in the relief sought by the Class—the threshold consideration for courts in assessing lead plaintiff movants. *See id.* at 262 ("In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status. The process begins with the identification of the movant with the largest financial interest in the relief sought by the class"). Therefore, the competing motion should be denied.

## III.    CONCLUSION

Because Krykhtin and Kanda have the largest financial interest in the relief sought by the Class and otherwise qualify as the most adequate lead plaintiff under the PSLRA, their motion should be granted, and all other motions should be denied.

Dated: August 22, 2023                  Respectfully submitted,

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**

By: */s/ James E. Cecchi*
James E. Cecchi
Kevin Cooper
5 Becker Farm Road
Roseland, NJ 07068
Tel.: (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com
kcooper@carellabyrne.com

*Proposed Liaison Counsel for the Class*

8

**SAXENA WHITE P.A.**
Lester R. Hooker (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382
lhooker@saxenawhite.com

-and-

Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 216-2220
mduenas@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Pavel Krykhtin and Perdeep Kanda, and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel.: (310) 301-3335
brian@schallfirm.com

*Additional Counsel for Proposed Lead Plaintiff Pavel Krykhtin and Perdeep Kanda*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 22, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

*/s/ James E. Cecchi*
James E. Cecchi
