# Levi & Korsinsky

33 Whitehall St., 17th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Adam M. Apton
aapton@zlk.com

February 8, 2024

**VIA CM/ECF**

Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:  *Arbour v. Tingo Group, Inc., et al.*
> Civil Action No.: 2:23-cv-03151 (ES-MAH)

Dear Judge Hammer:

Our office represents lead plaintiff-movant Shunsei Tazaki. I respectfully refer to Mr. Kevin Cooper's letter dated February 7, 2024 (Dkt. No. 48), and respond solely to object to his claim that Messrs. Pavel Krykhtin and Perdeep Kanda are the "presumptive lead plaintiffs."

Recent decisions (subsequent to the parties' renewed motions) underscore Mr. Tazaki's position on this issue. As explained in the briefing, the Krykhtin/Kanda group is not entitled to the presumption of "most adequate plaintiff" because it does not satisfy the "adequacy" requirements of Rule 23 under *Cendant*. *See* Dkt. No. 29-1, pp. 16-21; Dkt. No. 35, pp. 5-7. In *Burns v. Up Fintech Holding Ltd..*, 2024 U.S. Dist. LEXIS 19999, at *9-11 (C.D. Cal. Jan. 30, 2024) (Ex. A), and *In re Origin Materials, Inc. Sec. Litig.*, 2023 U.S. Dist. LEXIS 224196, at *5-6 (E.D. Cal. Dec. 14, 2023) (Ex. B), the district courts denied lead plaintiff motions filed by investors who were "grouped together by lawyers in order to be appointed as lead plaintiffs." In both cases, the courts concluded that the groups were "lawyer-driven" and therefore inadequate to "monitor and control counsel."

Mr. Tazaki also previously argued that the Krykhtin/Kanda group was not entitled to the presumption of "most adequate plaintiff" because Mr. Krykhtin was an "in-and-out trader" vulnerable to "unique defenses" concerning the element of "reliance." *See* Dkt. No. 29-1 at 21-26; Dkt. No. 35 at 7-9. In *Gurevitch v. Keycorp*, 2023 U.S. Dist. LEXIS 228988 (N.D. Ohio Dec. 26, 2023) (Ex. C), the district court disqualified a movant who, similar to Mr. Krykhtin, was subject to the "possibility of unique defenses" because he "exit[ed] his position in KeyCorp stock on many occasions during the proposed class period." *Id*. at *16-22.

Mr. Tazaki also argued that Mr. Krykhtin was vulnerable to additional "unique defenses" because he held zero shares of Tingo stock at the end of the alleged class period. *See* Dkt. No. 29-1 at 27-28; Dkt. No. 35 at 9-11. That argument is ever more pertinent now that the class period in this case will likely be extended to December 15, 2023, the last trading day before the SEC filed its enforcement action against Tingo and its CEO.

Copies of the decisions referenced above are enclosed herein for the Court's reference.

Respectfully,

*/s/ Adam M. Apton*
Partner

Encls.

CC: All counsel of record (via CM/ECF)