Jason H. Kislin, Esq. (033332003)
Jaclyn DeMais, Esq. (071692013)
Robert A. Horowitz, Esq. (*Admitted pro hac vice*)
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel: (973) 360-7900
*Attorneys for Defendants Tingo Group, Inc.,*
*Dozy Mmobuosi, Darren Mercer,*
*And Kevin Chen*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER ARBOUR, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TINGO GROUP, INC., DOZY MMOBUOSI, DARREN MERCER, and KEVIN CHEN,<br><br>Defendants. | Civil Action No. 2:23-cv-03151-ES-MAH |
| MARK J. BLOEDORN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TINGO GROUP, INC., DARREN MERCER, HAO (KEVIN) CHEN, and DOZY MMOBUOSI<br><br>Defendants. | Civil Action No. 2:23-cv-03153-ES-MAH<br><br>**MEMORANDUM OF LAW IN SUPPORT OF GREENBERG TRAURIG, LLP'S MOTION TO WITHDRAW AS COUNSEL PURSUANT TO LOCAL CIVIL RULE 102.1** |

Greenberg Traurig, LLP ("GT") submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Defendants Tingo Group, Inc. ("Tingo" or the "Company"), Dozy Mmobuosi ("Mmobuosi"), Darren Mercer ("Mercer") and Hao Chen a/k/a Kevin Chen ("Chen") (collectively, "Defendants") pursuant to Rule 102.1 of the Local Civil Rules of the United States District Court for the District of New Jersey ("Motion").  As set forth more fully below and in the supporting Declaration of Robert Horowitz ("Horowitz Dec."), we respectfully request the Court grant the Motion because: (a) Defendants have consistently failed to fulfill their financial obligations to GT regarding its services and has been given reasonable warnings that GT would withdraw unless the financial obligations are fulfilled; (b) continued representation of Defendant will result in an unreasonable financial burden on GT; (c) the attorney-client relationship is irreparably damaged because it has been rendered unreasonably difficult by the Defendants; and (d) other good cause shown for withdrawal exists.

## I. STATEMENT OF FACTS

On or about June 23, and July 6, 2023, Defendants retained GT to represent them in this case. *See* Horwitz Dec. at ¶¶ 2-5. GT attorneys have undertaken a vigorous and diligent defense of the Defendants, which has included an investigation of the allegations, preparation of filings, and Court appearances. Unfortunately, Defendants currently owe the firm a very substantial receivable in unpaid legal fees, costs and disbursements. *Id*. ¶¶ 6-7. GT has spent the last several months attempting to work through these issues with Defendants to no avail. *Id*. ¶¶ 8-11. A s of the date of this Motion, the relationship between GT and Defendants are strained and effective representation has been rendered unreasonably difficult.  Continuing its representation of Defendants in this action will result in an unreasonable financial burden on GT as there is no plan or guarantee in place for GT to be compensated for the very substantial legal fees which it is owed

and to which it is entitled. *See* Horowitz Dec. ¶ 11. Accordingly, GT is compelled to file this Motion seeking to withdraw as Defendants' counsel.

## II. STANDARD ON MOTION

Local Civil Rule 102.1 of the Local Civil Rules of the United States District Court for the District of New Jersey provides the mechanism for a lawyer or firm to withdraw as the counsel of record for a Defendant before the Court. It states:

> Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court. After a case has been first set for trial, substitution and withdrawal shall not be permitted except by leave of Court.

In considering a motion to withdraw, this Court applies Rule 1.16 of the New Jersey Rules of Professional Conduct ("RPC"), which sets forth an attorney's ethical obligations in terminating representation of a client. *See* Local Civil Rule 103.1 (providing that federal practitioners in this District are subject to the New Jersey RPCs); *see also Liberty Mut. Ins. Co. v. Ping Yip*, 2021 WL 4206299, at *1 (D.N.J. Sep. 16, 2021) (holding that RPC 1.16 applies to a motion to withdraw as counsel in New Jersey federal court); *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 422-23 (D.N.J. 1993) (same).

RPC 1.16(b) sets forth various grounds on which an attorney may withdraw from representing a client:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists; upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

3

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause shown for withdrawal exists.

RPC 1.16(b).

The Rule provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned or incurred." RPC 1.16(d).

Courts consider several factors in evaluating a motion to withdraw as counsel: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay the resolution of the case." *See United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997); *Haines*, 814 F. Supp. at 423. The decision to permit an attorney to withdraw his or her appearance remains entirely within the discretion of the Court. RPC 1.16(c).

### III. ARGUMENT

#### A. Defendants' Failure and Refusal to Pay GT's Legal Fees Warrants the Granting of GT's Motion to Withdraw

The Defendant currently owes GT a very substantial amount of unpaid legal fees and disbursements that have been pending for months. *See* Horowitz Dec. ¶ 6. Defendants' disregard of their contractual payment obligations to GT, standing alone, warrants the granting of GT's

4

Motion.

The Third Circuit and Courts in the District of New Jersey have recognized that the failure to pay outstanding legal fees alone is an adequate basis to grant an attorney's motion to withdraw, even where, unlike here, the fees owed were relatively low. *See Erie Molded Plastic v. Nogah*, 520 F. App'x 82, 83-85 (3d Cir. Mar. 26, 2013) (granting a motion to withdraw, even without substitute counsel, when the client refused to pay $5,000 in unpaid fees); *see also Ping Yip*, 2021 WL 4206299, at *2-3 (ruling that financial burden constituted good cause for withdrawal where counsel was owed $24,657.55 in unpaid fees and noting that the "balance would continue to grow as the case proceeds…").

Defendants have written engagement agreements with GT, executed on or about June 23 and 30 and July 6, 2023, that provide for an hourly-rate billing structure with fees and expenses payable monthly. *See* Horowitz Dec. ¶¶ 2-6. Despite extensive efforts to work cooperatively with the Defendants to resolve this situation, there is no workable plan in place to pay GT the very substantial fees it is already owed and to ensure full and timely payment going forward. *Id.* ¶ 7. Moreover, if the representation continues, the fees owed to GT would continue to grow and far exceed the amounts already incurred by GT in this matter. *Id.* GT is thus compelled to seek to withdraw as Defendant's counsel because continued representation of the Defendant "will result in an unreasonable financial burden on" GT. RPC 1.16(B)(6).

Since at least November 2023, GT repeatedly advised the Defendants that if the outstanding payments were not resolved, GT would no longer be able to represent the Defendant. *See* Horowitz Dec. ¶¶ 9-10. GT was clear with the Defendants that, if payment of the fees owed was not received, GT would be forced to withdraw as their counsel. *Id.* ¶ 8. Thus, the Defendants have failed to fulfill their financial obligation to counsel regarding the services already rendered

"and [have] been given reasonable warning that [counsel] will withdraw unless the obligation is fulfilled." RPC 1.16(B)(5).

      **B.    GT's Withdrawal at This Stage of the Case Will Not Materially Adversely Effect the Interests of the Defendants.**

When a case is at an "early stage," a trial date has not been scheduled, and there is ample time for new counsel to "familiarize him or herself with the case without causing substantial delay," withdrawal of counsel is unlikely to materially affect the interests of the defendant. *See G.W., et al. v. Ringwood Bd. of Educ., et al.*, 2022 WL 15443870, at *3-4 (D.N.J. Oct. 27, 2022). Indeed, courts often grant motions to withdraw as counsel when cases - such as this one - are at their early stages. *See, e.g.*, *U.S. ex rel. Cherry Hill Convalescent, Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997) (withdrawal ordered where no trial date scheduled and counsel and client were "mired in an ongoing fee dispute which had affected their working relationship"); *Marlowe Patent Holdings v. Dice Elecs.*, 2013 WL 3043562, at *3 (D.N.J. June 17, 2013) (motion to withdraw granted where client had not paid legal fees and had "sufficient time and opportunity to seek new counsel without causing undue delay in the proceedings").

Here, this case is at a very early stage. Only as recent as February 14, 2024, did the Court name a Lead Plaintiff. As discussed at the March 22, 2024 court conference, Lead Plaintiffs were to file an Amended Complaint by April 15, 2024. (ECF No. 59). Due to GT's intent to withdrawal as counsel, Lead Plaintiff requested and were granted a stay of the April 15, 2024 deadline for the filing of their Amended Complaint until fourteen (14) days after the Court's resolution of this motion. (ECF No. 63). Significantly, neither the Amended Complaint nor any responsive pleadings have been filed. Nor has this Court set a motions schedule or a trial date. Accordingly, GT's withdrawal from this representation will not materially impact the interests of the

Defendants because, at such an early stage, there is ample time for new counsel to learn about the case without causing substantial delay. Therefore, based on the circumstances outlined above, GT respectfully requests that this Motion be granted.

## **CONCLUSION**

For all the foregoing reasons, GT respectfully requests the Court issue an Order (1) permitting GT and its attorneys to withdraw as Defendants' counsel of record; and (2) granting GT such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 19, 2024

/s/ *Jason Kislin*
Jason H. Kislin
Robert Horowitz (*admitted pro hac vice*)
Jaclyn DeMais
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Phone: (973) 360-7900
Facsimile: (973) 301-8410
kislinj@gtlaw.com

*Attorneys for Defendants*